UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            2:01-cr-49-FtM-29DNF

ALEXANDER DIAZ

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion to Modify or Reduce Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2) (Doc. #139), filed on August 29, 2005.  The government filed a Response in Opposition (Doc. #140) on October 18, 2005.

**I.**

On September 5, 2001, Alexander Diaz (petitioner or Diaz) was charged in a five-count First Superceding Indictment with various drug and firearms charges. (Doc. #44).  On October 9, 2001, petitioner plead guilty to three of the counts before the undersigned pursuant to a Plea Agreement.  (Docs. #62, #68).  On January 22, 2002, petitioner was sentenced to 210 months concurrent imprisonment on Counts 1 and 5, and 60 months consecutive imprisonment on Count 3, followed by 60 months supervised release. (Docs. #88, #90).  Petitioner did not file a direct appeal.  Petitioner filed a Motion under 28 U.S.C. § 2255 (Doc. #123), which was dismissed as untimely.  On December 20, 2004, petitioner filed a Notice of Appeal (Doc. #19).  The appeal was dismissed for

failure to prosecute by the Eleventh Circuit Court of Appeals on March 8, 2005.

**II.**

Defendant is now before the Court pursuant to 18 U.S.C. § 3582(c)(2), requesting that he be resentenced in light of Amendments 489 and 591 of the Sentencing Guidelines. Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Court finds that this statute is not applicable to defendant's case, and therefore the Court lacks jurisdiction.

The Sentencing Commission promulgated Amendment 489 effective November 1, 1993, and Amendment 591 effective November 1, 2000. Defendant was sentenced pursuant to the November 1, 2001 version of the Sentencing Guidelines. (Presentence Report, ¶ 5). Thus, both Amendments 489 and 591 were in effect on defendant's January 22, 2002, sentencing date, and had already been incorporated into the Sentencing Guidelines. U.S. Sentencing Guidelines § 2K2.4, Application Note 2 (2001); U.S. Sentencing Guidelines § 1B1.2,

Application Note 1 (2001).  Therefore, this is not a case of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . .," as required by 18 U.S.C. § 3582(c)(2)(emphasis added).  Having found that defendant's situation does not fall within § 3582(c), the Court lacks jurisdiction to consider defendant's claim.  United States v. Castra, No. 04-15275, 2005 WL 2436484, *3 (11th Cir. Oct. 4, 2005)[1](citing United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000)).

### III.

To the extent defendant is challenging the application of the Sentencing Guidelines, the Court has no authority under § 3582(c) or any other procedural mechanism.   Because petitioner is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of jurisdiction even though none are identified by defendant. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The authority of the Court is an issue of law.  United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).  The Court has no inherent power to correct even an illegal sentence, but rather must

---

[1]Copy of slip opinion attached.

look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. <u>Diaz-Clark</u>, 292 F.3d at 1315. The Court finds no basis for authority in this case to modify the sentence.

A portion of Title 18 U.S.C. § 3582 provides authority to modify a sentence. Title 18 U.S.C. § 3582(b) refers to the possibility of modifying a sentence, but this provision only defines a final sentence and does not provide a mechanism for modifying a sentence. <u>United States v. Stossel</u>, 348 F.3d 1320, 1322 (11th Cir. 2003), <u>cert. denied</u>, 541 U.S. 966 (2004). Section 3582(c)(1)(A) does not apply because the request is not made by the Director of the Bureau of Prisons. Section 3582(c)(1)(B) does not apply because there are no other statutes which expressly permit such a modification, as discussed further below, and no Rule 35(b) motion has been filed by the government.

Federal Rule of Criminal Procedure 35(a) does not provide jurisdiction because it gives a District Court authority to correct a sentence only within seven days after sentencing and then only for errors resulting from arithmetical, technical, or other clear error. The seven day period is a jurisdictional restriction, <u>Diaz-Clark</u>, 292 F.3d at 1317, or at least a "claim-processing rule" which cannot be altered (but which can be forfeited). <u>Eberhart v. United States</u>, 126 S. Ct. 403, 404-405 (2005). As noted above, no Rule 35(b) motion concerning substantial assistance was ever filed

by the government.[2] Federal Rule of Criminal Procedure 36 allows the court to correct clerical errors or errors in the record arising from oversight or omission. None of these situations apply in this case, and therefore the Court has no authority under Rule 36. United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004), cert. denied, 125 S. Ct. 448 (2004).

A motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is not available because permission from the Eleventh Circuit is required to file a second or successive § 2255 motion, and permission was not sought in this case. Additionally, defendant has not demonstrated that there exists newly discovered evidence that would establish innocence or that a new rule of constitutional law has been made retroactive to his case. In re Dean, 341 F.3d 1247, 1248 (11th Cir. 2003); 28 U.S.C. § 2255.

A writ of error coram nobis is not available to defendant. Federal courts have authority to issue a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000), cert. denied, 531 U.S. 1144 (2001). This authority, however, is extremely limited. A writ of coram nobis "is an extraordinary measure of last resort available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d at 1203; United States

---

[2]The Court notes that, at the time of sentencing, the government did file a Motion for a Departure (Doc. #87) based upon substantial assistance pursuant to § 5K1.1 of the Sentencing Guidelines.

v. Mosavi, 138 F.3d at 1366 n. 1; United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997); Lowery v. United States, 956 F.2d 227, 228 (11th Cir. 1992).  The standard for coram nobis relief is high, with the Court's authority being limited to review of errors of fact of the most fundamental character and when no statutory remedy is available or adequate.  United States v. Addonizio, 442 U.S. 178, 186 (1979); United States v. Mills, 221 F.3d at 1203-04; Lowery, 956 F.2d at 228-29.  To be entitled to a writ of coram nobis, petitioner must show: (1) he was not in custody at the time he filed the petition, United States v. Garcia, 181 F.3d 1274, 1274-75 (11th Cir. 1999); United States v. Brown, 117 F.3d at 475; (2) there is and was no other available and adequate avenue of relief, Alikhani v. United States, 200 F.3d 732, 734 (11th Cir.), cert. denied, 531 U.S. 929 (2000); United States v. Mills, 221 F.3d at 1204; and, (3) the error alleged "involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani v. United States, 200 F.3d at 734 (citing Moody v. United States, 874 F.2d 1575, 1576-77 (11th Cir. 1989), cert. denied, 493 U.S. 1081 (1990)).  "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255."  United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002).  Defendant satisfies none of the requirements in this case.

A writ of prohibition is also unavailable to defendant. "Writs of prohibition are not issued unless the petitioner shows exceptional circumstances amounting to a judicial usurpation of power." In re Wainwright, 678 F.2d 951, 953 (11th Cir. 1982)(citations and internal quotations omitted). Defendant's only argument for the reduction in sentence is that the sentence should be reduced pursuant to Amendments 489 and 591, which is incorrect. Therefore, authority cannot be created by treating defendant's request as a writ of prohibition.

A writ of mandamus is an extraordinary remedy which is available only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion. Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir. 1997). A defendant must show both that he lacks adequate alternative means to obtain the relief sought and carry the burden of showing that his right to issuance of a writ is clear and indisputable. Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989); In re Am. Airlines, Inc., 972 F.2d 605, 608 (11th Cir. 1992), cert. denied, 507 U.S. 912 (1993). The Court finds that defendant has failed to meet this burden. Defendant is not entitled to mandamus relief because he is not entitled to a sentence reduction pursuant to Amendment 489 or Amendment 591 under § 3582 or any other provision.

Having considered all the possible bases of authority, the Court finds that no authority exists in this case.

Accordingly, it is now

**ORDERED**:

Petitioner's Motion to Modify or Reduce Term of Imprisonment Pursuant to Title 18 U.S.C. 3582(c)(2) (Doc. #139) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of November, 2005.

JOHN E. STEELE
United States District Judge

Copies:
AUSA
Petitioner