UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                         2:01-cr-49-FtM-29DNF

ALEXANDER DIAZ

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Petition For a Writ of Mandamus Pursuant to the All Writ's Act, Under 28 U.S.C. § 1651 (Doc. #144), filed on January 9, 2006.  The government filed a Response in Opposition (Doc. #145) on January 20, 2006.

Defendant asserts that the issuance of a writ of mandamus is appropriate because no other remedy is available to "remedy the clear usurpation of power and abuse of the Court's discretion which has occured [sic] during the sentencing phase of the petitioner, which has violated his Sixth Amendment rights." (Doc. #144, p. 5, ¶ 4).  More specifically, defendant argues that his sentence violated the Apprendi[1]/Booker[2]/Blakely[3] line of cases.  The government counters that a mandamus is not available to compel the application of Booker.

On September 5, 2001, Alexander Diaz (defendant or Diaz) was charged in a five-count First Superceding Indictment with various

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[2] United States v. Booker, 543 U.S. 220 (2005).

[3] Blakely v. Washington, 542 U.S. 296 (2004).

drug and firearms charges. (Doc. #44). On October 9, 2001, defendant plead guilty to three of the counts before the undersigned pursuant to a Plea Agreement. (Docs. #62, #68). On January 22, 2002, defendant was sentenced to 210 months concurrent imprisonment on Counts 1 and 5, and 60 months consecutive imprisonment on Count 3, followed by 60 months supervised release. (Docs. #88, #90). Defendant did not file a direct appeal. Defendant filed a Motion under 28 U.S.C. § 2255 (Doc. #123) on September 29, 2003, which was dismissed as untimely. On December 20, 2004, petitioner filed a Notice of Appeal (Doc. #131). The appeal was dismissed by the Eleventh Circuit Court of Appeals on March 8, 2005, for failure to prosecute. On August 29, 2005, defendant filed a Motion to Modify or Reduce Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2) (Doc. #139). The Motion was denied by Opinion and Order (Doc. #141) issued on November 29, 2005. Defendant filed a Notice of Appeal (Doc. #142) from that decision, and the appeal remains pending before the Eleventh Circuit Court of Appeals.

    A writ of mandamus is an extraordinary remedy which is available only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion. <u>Jackson v. Motel 6 Multipurpose, Inc.</u>, 130 F.3d 999, 1004 (11th Cir. 1997). A defendant must show both that he lacks adequate alternative means to obtain the relief sought and carry the burden of showing that his right to issuance of a writ is clear and indisputable. <u>Mallard</u>

v. United States District Court for Southern District of Iowa, 490 U.S. 296, 309 (1989); In re Am. Airlines, Inc., 972 F.2d 605, 608 (11th Cir. 1992), cert. denied, 507 U.S. 912 (1993). The Court agrees with defendant that there is no current alternative means to obtain the relief sought under Booker, Blakely, or Apprendi. See Avila v United States, 2:05-cv-266-FTM-29DNF, 2005 WL 3467670 (M.D. Fla. Dec. 19, 2005)[4]. This alone, however, is not sufficient for a writ of mandamus.

Defendant fails to carry his burden as to the second requirement. It is clear that defendant is not entitled to relief under Booker, Blakely, or Apprendi in a post-conviction proceeding because none of these cases apply retroactively to post-conviction collateral proceedings. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005); In re Anderson, 396 F.3d 1336 (11th Cir. 2005). Mandamus relief is not available to defendants seeking to raise Booker-type issues in collateral proceedings. In re Emmanuel, 144 Fed. Appx. 982 (4th Cir. 2005); In re Spotts, 124 Fed. Appx. 800 (4th Cir. 2005).

Accordingly, it is now

**ORDERED**:

---

[4]Slip Copy attached.

Petitioner's Petition For a Writ of Mandamus Pursuant to the All Writ's Act, Under 28 U.S.C. 1651 (Doc. #144) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of January, 2006.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Alexander Diaz